**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald W. Staton,<br><br>    Plaintiff,<br><br>vs.<br><br>US Airways Inc.,<br><br>    Defendant. | No. CV10-1619-PHX-DGC<br><br>**ORDER** |

Defendant moves to dismiss Plaintiff's claims for violations of the Americans with Disabilities Act, the ADA Amendments Act, and the Rehabilitation Act of 1973.  Doc. 8.

## I.   Background

Plaintiff's allegations, which the Court treats as true and views in a light most favorable to the plaintiff for purposes of this motion, are as follows.

Plaintiff worked as a flight dispatcher for US Airways from April 23, 1990 until January 28, 2008.  In April 2005, Plaintiff informed his Manager that he had adult attention deficit hyperactivity disorder ("ADHD") and was taking Adderall for that disorder. Plaintiff's physician had twice provided US Airways with written verification that his use of Adderall did not impair his ability to work as a flight dispatcher.  Doc. 1 at 2.

In December 2006, Plaintiff was summoned to a meeting with Jennifer Tonge, a US Airways Human Resources Manager.  Ms. Tonge expressed her concern regarding potential "liability issues" arising from Plaintiff's disclosure of his ADHD in a motion he filed in a matter unrelated to his employment with US Airways.  Ms. Tonge also presented Plaintiff with a copy of a Fed Ex air bill containing Plaintiff's name and employee ID number, and

1  Ms. Tonge counseled Plaintiff against using "company resources for personal use." It was
2  then clarified that Plaintiff had only used a reduced shipping rate via Fed Ex which was a
3  personal benefit to all US Airways employees, not a company resource. Based on his
4  "liability issues," Ms. Tonge gave Plaintiff a mandatory referral to the company's Employee
5  Assistance Program for a mental examination. *Id.* at 3.

6  In October 2007, US Airways informed Plaintiff that he would be transferred to
7  Pittsburgh, Pennsylvania. Three months later, Plaintiff was selected for a random drug test,
8  along with some others who agreed to relocate to Pittsburgh. *Id.* at 4. Plaintiff tested
9  positive for amphetamine/methamphetamine. Because of this positive drug test, Plaintiff was
10 terminated on January 28, 2008. *Id.* at 5.

11 Following his termination, a US Airways Medical Review Officer testified falsely and
12 misrepresented statements regarding Plaintiff's drug test at a hearing following the denial of
13 his claim for unemployment benefits. *Id.* at 4. US Airways also provided misleading
14 information to the Federal Aviation Administration ("FAA") which resulted in Plaintiff's
15 emergency decertification as an aircraft dispatcher. *Id.* at 5.

16 On March 25, 2008, Plaintiff mailed a letter to the Equal Employment Opportunity
17 Commission ("EEOC"). Doc. 9 at 2. The EEOC did not contact Plaintiff regarding his
18 letter. *Id.* Plaintiff also made an attempt to follow up on his letter, but was not successful.
19 *Id.* Plaintiff then sought help from other agencies, including the Arizona Attorney General,
20 the U.S. Department of Labor, and his union. *Id.* In March 2010, Alonzo Salas of the
21 Department of Labor's Office responded to Plaintiff by telephone and email. *Id.* Based on
22 Mr. Salas' advisement, Plaintiff re-contacted the EEOC and was granted an intake interview
23 on April 8, 2010. *Id*. at 3. During this interview, Plaintiff alleged that US Airways
24 discriminated against him due to his disability when it terminated him after his positive drug
25 test. Doc. 8 at 2. On April 30, 2010, the EEOC issued a Notice of Right to Sue to Plaintiff
26 because they found no cause to believe discrimination had occurred. *Id.*

27 Plaintiff filed a complaint in this Court on July 30, 2010, asserting three claims for
28 disability discrimination under the Americans with Disabilities Act ("ADA") and the

Rehabilitation Act of 1973, 29 U.S.C. § 794.  Doc. 1.  Defendant moves to dismiss these claims pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.  Doc.8.

In its motion to dismiss, Defendant argues that Counts I through IV are time barred. Defendant argues that the claims arising under the ADA, Counts I through III, are time barred because Plaintiff had 300 days to file a charge with the EEOC, but did not file until April 8, 2010, long after the 300 days had expired.  Doc. 8 at 4-6.  Additionally, Defendant argues that the claims arising under the Rehabilitation Act, Count IV, are time barred because Plaintiff had two years to file a lawsuit, but did not do so until July 30, 2010, after the two year period had expired.  *Id.* at 7.

A motion to dismiss must be treated as a motion for summary judgment under Rule 56 if "either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials." *Anderson v. Angelone* 86 F.3d 932, 934 (9th Cir. 1996); Fed.R.Civ.P. 12(b)(6).  Because the charge of discrimination is not referenced in the complaint, but is provided by Defendant in support of its motion to dismiss, the Court will convert the motion to dismiss into a motion for summary judgment.[1]  Generally, when a motion to dismiss is converted to a motion for summary judgment the Court must provide notice to the opposing party and allow the opposing party to "present all material made pertinent to such a motion by Rule 56." *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984).  In this case, Plaintiff has had an opportunity to present evidence.  In his reply to the motion to dismiss, Plaintiff attached a letter intending to prove that he filed a charge with the EEOC before April 8, 2010.  Doc.9-1.  Because the Court determines that Plaintiff had an opportunity to present evidence, it will now rule on the motion for summary judgment.

**II.    Standard of Review.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable

---

[1] The Court only partially converts the motion to dismiss into a motion for summary judgment.  The Court converts Counts II, III, and IV into a motion for summary judgment. Count I is dismissed in accord with the motion to dismiss, as discussed below.

- 3 -

to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  Count I.

In Count I of his complaint, Plaintiff alleges that US Airways discriminated against him in violation of the ADA by subjecting him to an improper mental examination in 2006. Doc. 1 at 3. In response to Defendant's motion to dismiss, Plaintiff states that he is not requesting any relief for the events that occurred in 2006. Doc. 9 at 4. Plaintiff states that he is not requesting any actual damages for these incidents, that he "lost no wages," and that he "suffered no permanent reassignment as an immediate result" of the medical exam. *Id.* Pursuant to Plaintiff's admission that Count I is not an independent legal claim, and only serves as background information to Counts II, III, and IV, Count I will be dismissed.

## IV.  Counts II and III.

In Count III of his complaint, Plaintiff argues that US Airways wrongfully terminated him on January 28, 2008 in violation of the ADA because his positive drug test was a result of Adderall, his ADHD medication, or diet pills. Doc. 1 at 6. In Count II, Plaintiff alleges that after his termination US Airways discriminated against him by making misleading statements about his positive drug test results in an unemployment benefits hearing and to the FAA, resulting in his emergency decertification as an aircraft dispatcher. Doc. 1 at 4-5. Defendant argues that Plaintiff's discrimination claims are time barred. Doc. 8 at 5.

Before filing an ADA suit, a plaintiff must file a charge of discrimination with the EEOC. *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.12 (9th Cir. 2001) (*citing* 42 U.S.C. §12117(a)). A plaintiff must file the charge within 300 days after the alleged violation. *Id.* Failure to file a charge within the 300-day period is "not a jurisdictional bar, but treated as a violation of the statute of limitations, complete with

whatever defenses are available to such a violation, such as equitable tolling and estoppel." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). Since Plaintiff does not assert either of these defenses, the immediate question before the Court is whether Plaintiff's March 28, 2008 letter to the EEOC constitutes a charge.

In the context of an ADEA claim, the Supreme Court has held that a document is deemed a charge if it provides the information required by the regulations and can "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Fed. Express Co. v. Holowecki*. 552 U.S. 389, 402 (2008). The standard is one of objective reasonableness in determining whether the filer "requests the agency to activate its machinery and remedial processes." *Id.* at 403. Defendant asserts that Plaintiff's March 2008 letter fails to constitute a charge of discrimination for three reasons. Doc. 10 at 4.

First, Defendant asserts that the letter is not a "writing under oath or affirmation" as required under the ADA. 42 U.S.C. § 2000e-5(b); *Id.* The EEOC regulations governing charging statements under the ADA, however, allow a charge to be amended to cure technical defects, "including failure to verify the charge." 29 C.F.R. § 1601.12(b). Plaintiff's charge was later verified during the EEOC intake process in 2010.

Second, Defendant asserts that Plaintiff's letter does not constitute a charge because "it was not treated by the EEOC as a charge of discrimination, was not processed or investigated by the EEOC, and no notice was ever given to Defendant that this purported charge had been filed against it." Doc. 10 at 5. In *Holowecki*, however, the Supreme Court expressly rejected the view that the Commission's failure to act means the filing is not a charge. 552 U.S. at 403.

Finally, Defendant asserts that Plaintiff's letter does not constitute a charge because it does not request the EEOC to take remedial action as required by the second prong of the *Holowecki* test. *Id.*; Doc. 10 at 6. Defendant asserts that Plaintiff does not explicitly request the EEOC to investigate his allegations or request that his letter be considered a charge of discrimination. *Id. Holowecki*, however, does not require such explicit language. In fact,

1  *Holowecki* creates a liberal standard in favor of the employee, stating that "documents filed
2  by an employee with the EEOC should be construed, to the extent consistent with permissible
3  rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* at 407.

4  Plaintiff's March 25, 2008 letter was addressed directly to the EEOC and detailed the
5  circumstances surrounding his allegations of discrimination. Doc. 9-1. Plaintiff described
6  his need for Adderall, his employer's awareness of his Adderall prescription, his positive
7  drug test resulting from the Adderall consumption, and the revocation of his dispatcher's
8  license and termination because of the positive drug test. *Id.* Plaintiff ends his letter by
9  stating "that is totally outrageous." *Id.* Writing to the agency charged with enforcing federal
10 discrimination laws, explaining alleged acts of discrimination in some detail, and asserting
11 affirmatively that the acts are outrageous, can reasonably be construed as a request for the
12 agency's action, particularly under the liberal construction rule of *Holowecki*.

13 The Court finds that Plaintiff's March 2008 letter is sufficient to constitute an EEOC
14 charge and that Plaintiff's claims are not time barred. Defendant's motion for summary
15 judgment with respect to Counts II and III will be denied.[2]

16 **V.   Count IV.**

17 Plaintiff simultaneously alleges violations of the Federal Rehabilitation Act in Counts
18 I, II and III.[3] Defendant argues that these claims are also time barred. Doc. 8 at 6. The
19 statute of limitations for the Rehabilitation Act is provided by analogous state law. *Douglas*,
20 271 F.3d at 823. In this case, Arizona's two-year statute of limitations for personal injuries

---

22 [2]Defendant notes that even if Count II is not time barred, it must be dismissed because
"all statements made by US Airways during the unemployment benefits hearing are subject
23 to absolute judicial privilege." Doc. 8 at 6. Plaintiff asserts that judicial privilege only bars
claims for common law torts of slander and defamation. Doc. 9 at 6-7. Defendant replies that
24 the statements are entitled to absolute judicial privilege and cannot serve as the basis for any
25 claim. Doc. 10 at 8. Count II, however, includes not only statements made during the
unemployment benefits hearing, but also statements made to the FAA. Defendant makes no
26 argument that the judicial privilege applies to the statements made to the FAA. The Court
27 therefore rejects Defendant's request to dismiss Count II on this ground.

28 [3]Since Count I is dismissed, the Court limits its review to Counts II and III.

- 6 -

governs claims under the Rehabilitation Act. *See Id.* (finding that California's statute of limitations for personal injuries applies to claims under the Rehabilitation Act); *see Madden-Tyler v. Maricopa County*, 189 Ariz. 462, 943 P.2d 822, 829 (1997) (applying Arizona's two-year statute of limitation for personal injuries to Rehabilitation Act claims); A.R.S. § 12-542.

Defendant argues that since the conduct underlying Counts II and III occurred in January 2008, Plaintiff must have filed suit in January 2010. Plaintiff did not file suit until July 30, 2010. Doc. 8 at 7. Plaintiff responds that his claims under the Rehabilitation Act were tolled while he was exhausting his administrative remedies. Doc. 9 at 8. In reply, Defendant argues that the Rehabilitation Act contains no exhaustion requirement. Doc. 10 at 9. This is not correct. *See Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003); *Leorna v. U.S. Dep't of State*, 105, F.3d 548, 550 (9th Cir. 1997); *Vinieratos v. U.S.*, 939 F.2d 762, 773 (9th Cir. 1991).

The Court has already concluded that Plaintiff's letter to the EEOC constituted a charge of discrimination under the ADA. Defendant does not argue that the letter, if a valid charge, was insufficient to exhaust Plaintiff's claims under the Rehabilitation Act. The Court therefore must conclude, for purposes of this motion, that Plaintiff exhausted his administrative remedies under the Rehabilitation Act and that the statute of limitations was tolled during the period of exhaustion. The Court therefore will deny Defendant's motion for summary judgment on the Rehabilitation Act claims (Count IV).

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. 8) Count I is **granted**.

2. Defendant's motion to dismiss (Dkt. 8) which is converted in part to one for summary judgment on Counts II, III, and IV is **denied**.

3. The Court will set a case management conference by separate order.

DATED this 11th day of March, 2011.

_David G. Campbell_
David G. Campbell
United States District Judge

- 7 -